IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS SHIVES,

      Petitioner,                  No. CIV S-08-1548 JAM EFB P

      vs.

D.K. SISTO, Warden,              <u>FINDINGS AND RECOMMENDATIONS</u>

      Respondent.

_____/

      Petitioner is a state prisoner proceeding without counsel on a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss on the ground that this action is untimely.  For the reasons explained, the petition is timely and the motion must be denied.

**I.    Procedural History**

      Petitioner is serving a life term and a concurrent thirteen-year term pursuant to a 1986 conviction.  Pet. at 1.  At his parole suitability hearing on November 14, 2006, the California Board of Parole Hearings ("Board") found him unsuitable for parole.  *Id.* at "5–7"-"5–11."  He filed on September 5, 2007 a petition for writ of habeas corpus with the Superior Court of Sacramento County to challenge that parole denial.  *Id.* at "5–11"; Resp.'s Mot. to Dism., Ex. 1.  The Superior Court denied the petition on October 16, 2007.  *Id.*, Ex. 2.  Petitioner then filed a habeas petition with the California Court of Appeal for the Third Appellate District on

1

1  November 13, 2007.  Pet. at "5–12"; Resp.'s Mot. to Dism., Ex. 3.  The Court of Appeal denied

2  petitioner's application on December 6, 2007.  Resp.'s Mot. to Dism., Ex. 4.  On December 13,

3  2007, petitioner filed a habeas petition with the California Supreme Court.  *Id.*, Ex. 5.  A printout

4  from appellatecases.courtinfo.ca.gov shows that the California Supreme Court denied the

5  petition on February 13, 2008.  *Id.*, Ex. 6.  Respondent has not provided this Court with the

6  actual order of denial, but petitioner does not dispute that his petition was denied on that date.

7  Petitioner filed the instant federal petition on July 7, 2008.

8  **II.      Statute of Limitations**

9        A one-year limitation period for seeking federal habeas relief begins to run from the

10  latest of the date the judgment became final on direct review, the date on which a state-created

11  impediment to filing is removed, the date the United States Supreme Court makes a new rule

12  retroactively applicable to cases on collateral review or the date on which the factual predicate of

13  a claim could have been discovered through the exercise of due diligence.  28 U.S.C.

14  § 2244(d)(1).

15        There is no tolling of this one-year period "from the time a final decision is issued on

16  direct state appeal [to] the time the first state collateral challenge is filed."  *Nino v. Galaza*, 183

17  F.3d 1003, 1006 (9th Cir. 1999).  However, once a petitioner properly files a state post-

18  conviction application the period is tolled, and remains tolled for the entire time that application

19  is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is properly filed when its delivery and

20  acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v.*

21  *Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed post-conviction application is

22  "pending" during the intervals between a lower court decision and filing a new petition in a

23  higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

24        **A.      Proper Limitations Period Start-Date**

25        Respondent contends that the federal petition challenging the Board's parole denial

26  decision is untimely.  To rule on the timeliness issue, the Court must first determine when

2

1  AEDPA's limitations period began to run.  Where a petitioner challenges a decision denying him

2  parole, the limitations period generally begins to run when the petitioner could have discovered

3  the factual predicate of those claims through the exercise of due diligence.  *Redd v. McGrath*,

4  343 F.3d 1077, 1082-85.  Respondent argues that limitations period began on the date that the

5  Board panel issued its decision (November 14, 2006) even though that decision did not become

6  final for another 120 days (on March 14, 2007), pending a review process.  *See* Cal. Code Regs.

7  tit. 15, § 2041(h).  Petitioner argues that he did not know the factual predicate of his claims

8  regarding the parole denial until the decision became final and no longer subject to modification.

9        The Court agrees with petitioner that the limitations period did not begin to run until the

10  Board's decision became final on March 14, 2007.  Before then, the decision was subject to

11  change, and thus the factual predicate of petitioner's claims was not capable of discovery.  *See*

12  *id.* ("Within 110 days of the hearing, the chief counsel, or a designee, may: (I) affirm the

13  proposed decision, (ii) order a new hearing, or (iii) modify the proposed decision without a new

14  hearing.")  This accords with the holding in *Redd v. McGrath*, in which the Ninth Circuit held

15  that the factual predicate of a parole denial claim became capable of discovery at the conclusion

16  of the prison appeals process (which has since been abolished in California).  *Redd*, 343 F.3d at

17  1084.   The court characterized its holding as in harmony with other federal courts of appeal,

18  which had held that the limitations period began to run "on the date the administrative decision

19  became final."  *Id.*  It expressly declined to hold that the limitations period began "when the

20  initial administrative decision is made[.]" *Id.* at 1084 n.11.

21        **B.  Statutory Tolling**

22        As mentioned above, the limitations period is tolled during the pendency of properly-

23  filed state habeas petitions.  28 U.S.C. § 2244(d)(2).  Respondent does not dispute that the

24  limitations period was tolled during the pendency of petitioner's state court petitions from

25  September 5, 2007 to February 13, 2008.  At the time of the filing of petitioner's first state

26  petition on September 5, 2007, 175 days of petitioner's one-year federal limitations period had

1   run.  He therefore had 190 days from February 13, 2008 to file the instant petition.  He filed

2   within that period on July 7, 2008, 144 days after the California Supreme Court denied his

3   petition and with 319 days having run on the federal limitations period.  The petition is therefore

4   timely and the motion to dismiss must be denied.

5   **III.    Conclusion**

6          The Court finds that petitioner has filed the instant habeas petition within the one-year

7   limitations period provided for by AEDPA.  Petitioner filed the petition within 365 days of the

8   date on which the Board's decision denying him parole became final.

9          Accordingly, IT IS HEREBY RECOMMENDED that:

10         1.  Respondent's motion to dismiss the petition as untimely be DENIED;

11         2.  Respondent be directed to file and serve an answer and not a motion in response to

12   petitioner's application within 60 days, *see* Rule 4, Fed. R. Governing § 2254 Cases, and that the

13   answer be accompanied by any and all transcripts or other documents relevant to the

14   determination of the issues presented in the application.  *See* Rules 4, 5, Fed. R. Governing §

15   2254 Cases; and

16         3.  Petitioner be directed that his reply, if any, be filed and served within 30 days of

17   service of an answer.

18         These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one

20   days after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

23   /////

24   /////

25   /////

26   /////

4

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  DATED:  September 3, 2009.

4  _____

5  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26